**IT IS ORDERED as set forth below:**



**Date: January 24, 2013**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 12-75695-JRS |
| | * | |
| GLENN STEPHEN WILSON, SR., | * | |
| AND | * | |
| NANCY CAROLYN WILSON, | * | CHAPTER 7 |
| | * | |
| Debtors. | * | |
| | * | |
| | * | |
| GLENN STEPHEN WILSON, SR., | * | |
| AND | * | |
| NANCY CAROLYN WILSON, | * | |
| | * | **CONTESTED MATTER** |
| | * | |
| Movants, | * | |
| vs. | * | |
| | * | |
| PNC BANK, | * | |
| | * | |
| Respondent. | * | |

**ORDER GRANTING MOTION TO DETERMINE SECURED STATUS OF CLAIM OF
JUNIOR LIEN HOLDER PNC BANK**

The Debtors have filed a motion that requests determination of the secured status of the claim of the Respondent (the "Motion"). (Docket No. #19). The Motion asserts that the Respondent holds a claim secured by a deed to secure debt on real property owned by the Debtors known generally as 2006 Surrey Lane, Jonesboro, GA 30236 (the "Property); that Respondent's deed to secure debt is subordinate to another deed to secure debt; and that the value of the Property is less than the amount of debt secured by the first priority deed to secure debt.

The Motion and notice of a hearing on it were properly served on the Respondent, which did not file a response or appear at the hearing to oppose it.

The Motion seeks to void the junior security interest held by the Respondent pursuant to 11 U.S.C. sections 506(a) and (d). The U.S. Court of Appeals for the Eleventh Circuit held *in In re McNeal*, 2012 WL 1649853 (11th Cir. 2012), that the relief the Motion requests should be granted. Because *McNeal* is an unpublished decision, however, it is not binding precedent pursuant to 11th Cir. R. 36-2 (2012). Nevertheless, *McNeal* concludes that *In re Folendore*, 862 F. 2d 1537 (11th Cir. 1989), is controlling precedent on this issue in this circuit, notwithstanding the Supreme Court's ruling in *Dewsnup v. Timm*, 502 U.S. 410 (1992), issued after *Folendore*. Because *McNeal* and *Folendore* provide a basis for the relief the Motion seeks and because the Respondent has not opposed the Motion, the Court will grant it.

It is, therefore, hereby **ORDERED** as follows:

1. The Motion is granted as set forth herein.

2. The junior lien on the Property held by the Respondent is deemed void with respect to the interest of the Debtors in the Property and shall be extinguished automatically, without further court order, upon entry of the Chapter 7 discharge in this case.

3. In the event this case is dismissed, the lien of the Respondent shall not be affected by this Order in accordance with 11 U.S.C section 349(b)(1)(C).

4. In the event this case is converted to a case under another Chapter of the Bankruptcy Code, the rights of the Respondent with regard to its lien shall be governed by the provisions of the Bankruptcy Code applicable in the converted case such that the lien of the Respondent shall not be affected by this Order.

### END OF DOCUMENT

Presented by,

 /s/
Cristina DiGiannantonio, GA Bar No. 893510
Attorney for Debtors
CLARK & WASHINGTON, P.C.
3300 Northeast Expressway
Building 3, Suite A
Atlanta, GA 30341
(404) 522-2222
No Opposition

### DISTRIBUTION LIST

Glenn Stephen Wilson, Sr.
Nancy Carolyn Wilson
2006 Surrey Lane
Jonesboro,GA 30238

PNC Bank
Reg. Agent: Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA 30092

Served by Certified Mail Receipt
#70111150000029108059
PNC Bank
William S. Demchak
249 Fifth Avenue
Pittsburgh, PA 15222-2707

PNC Bank
Richard J. Johnson
249 Fifth Avenue
Pittsburgh, PA 15222

Wells Fargo Bank, N.A.
Reg. Agent: Corporation Service Company
40 Technology Parkway South
Suite 300
Norcross, GA 30092

Wells Fargo Bank, N.A.
Carrie Tolstedt, CEO
101 N. Phillips Avenue
Sioux Falls, SD 57104